UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY L. COOPER,

           Plaintiff,

v.                                Case No. 3:06-cv-653-J-32TEM

GOV. BUSH, et al.,

           Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE[1]

Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a pleading entitled, "(Request) for Investigation 'Emergency' 'Petition'" (Doc. #1), which is construed to be a civil rights complaint (hereinafter Complaint). On April 26, 1996, the President signed into law the Prison Litigation Reform Act (hereinafter PLRA) which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

>       prisoner is under imminent danger of serious
>       physical injury.

28 U.S.C. § 1915(g).

The Court takes judicial notice of Case Number 4:02cv76-RH, which was brought by Plaintiff Cooper[2] in the United States District Court for the Northern District of Florida, Tallahassee Division. In a Report and Recommendation (Doc. #4) entered in that case on March 7, 2002, the United States Magistrate Judge recommended that Plaintiff's case be dismissed because he had filed the following cases in that court that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) 3:00cv135; (2) 4:98cv197; (3) 3:00cv89; and, (4) 3:00cv51. The Report and Recommendation was adopted by the United States District Judge, and the case was dismissed on April 18, 2002.

Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury,[3] this

---

[2] The docket sheet in that case, which is available for viewing on the Pacer Service Center's U.S. Party/Case Index, shows that this case was brought by Plaintiff because the name and inmate number of the Plaintiff in that case are identical to the name and inmate number of the Plaintiff in this case. See http://pacer.uspci.uscourts.gov/index.html.

[3] Plaintiff makes a conclusory claim that other violent inmates have threatened to harm or kill him. The Court notes that Plaintiff has filed over seventy cases in this Court, and he has repeatedly claimed that he is in imminent danger of being murdered or committing suicide. In fact, in some cases, he claimed that he had committed suicide and planned on doing it again. Thus, the Court finds Plaintiff's claims of imminent danger to be incredible.

action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a civil rights complaint form and paying the full $350.00 filing fee.

Even assuming that Plaintiff could meet the imminent danger exception to dismissal, this case will be dismissed due to the following deficiencies. It appears that Plaintiff is attempting to raise civil rights claims; however, he failed to complete the appropriate form to present these claims. Furthermore, Plaintiff did not advise the Court of his prior civil rights actions so that the Court can determine whether Plaintiff has raised the claims previously. Plaintiff also threatened to demonstrate that he exhausted his administrative remedies with respect to each of his claims. See 42 U.S.C. § 1997(e). Additionally, Plaintiff failed to adequately identify the Defendants and he did not provide the Court with any copies of the Complaint for service of process upon the Defendants. Finally, he failed to either file a request to proceed as a pauper or pay the $350.00 filing fee.

Accordingly, for all of the above-stated reasons, this case will be dismissed without prejudice. However, in an abundance of

---

Furthermore, Plaintiff's vague and conclusory allegations of possible future harm are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g). See Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("Luedtke's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

caution, the Court will direct the Clerk to send a copy of the Complaint and this Order to the Warden of Florida State Prison for whatever action he deems appropriate in light of Plaintiff's claim that other inmates are threatening to murder him.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice.

2. The Clerk shall enter judgment dismissing this case without prejudice.

3. The Clerk shall mail a copy of the Complaint and this Order to the Warden of Florida State Prison for whatever action he deems appropriate in light of Plaintiff's claim that he is in danger of being murdered.

4. The Clerk shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of July, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 7/19
c:
Anthony L. Cooper